SPIEGEL, MAY, STERN COMPANY *vs*. VERNON W. WATERMAN.

Androscoggin.       Opinion, November 12, 1932.

*Tascus Atwood,* for plaintiff.
*John G. Marshall,*
*Frank W. Linnell,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.   This case comes up on exception to a ruling of the Court. At trial of an action in assumpsit for balance after partial payment of a store account plaintiff made out a prima facie case. Proceeding to further present its case it offered an order in writing for the articles specified in the account annexed to the writ. Defendant denied that the signature to the written order was his signature, as well as that he had made a payment on the account, with other pleas.

Plaintiff then called to the witness stand the Postmaster of Norway, Maine, and asked this question: "Have you with you what purports to be an application for a money order purporting to be signed by Vernon Waterman payable to the order of Spiegel, May, Stern Company?"

The Postmaster answered as follows: "Before I answer that question I would like to read to you an excerpt from our laws and then I will abide by what you say." The Court then said, "I have just seen that, let me see, under the Regulations of the Post Office Department I shall not require the Postmaster to testify."

To this ruling plaintiff took an exception.

According to the bill of exceptions, the case then showed three admittedly genuine signatures of defendant, and counsel for plaintiff sought to show by the excluded testimony that the signature to application for a post office money order in Norway was in the same handwriting as the signatures admittedly genuine.

Portions of Postal Regulations in effect at the time of trial, parts of Chapter 1, Section Five of Title Five of the Post Office Regulations issued under Act of the United States Congress, effective July 1, 1924, are pertinent to decision of the point raised by the exceptions. They follow:

"Section 508

Postmasters and others in the Postal service shall not give to unauthorized persons information concerning mail matter. They shall furnish such information to post-office inspectors, and may furnish it also to the sender, the addressee or the authorized representative of either, and they may give to officers of the law to aid in the apprehension of fugitives from justice information regarding the addresses, return cards, or postmarks on mail matter, but must not withhold such mail from delivery to the addressees. Information concerning money orders shall not be given to any person except the remitter or payee or the agent of either or to a representative of the Post Office Department, or under special instructions from the department.

＊ ＊ ＊

5. A postmaster or other postal employee summoned as a witness shall obey the summons and go into court, but shall refuse to testify in regard to mail matter or money orders, at the same time exhibiting this regulation. He shall then testify if so directed by the Court."

By virtue of the Federal Constitution, Article One, Section Eight, full power to establish Post Offices is in the Congress. Delegation by Congress to the head of a governmental department of powers which the Congress may itself rightfully exercise gives to proper regulations regularly issued by a head of a department the force of law. *Wayman* v. *Southard,* 10 Wheat, 1, 43 ; *Caha* v. *United States,* 152 U. S., 211, 220. Hence it was in the power of the Court in this case, in the exercise of wise judicial discretion to permit or deny the right of examination of the witness.

If no interest of the Federal Government or the general public would be prejudiced by inquiry as to the identity of the signer of

an application for a money order at a post office window, it would seem that the question should have been answered.

And certainly, so far as the rights of defendant were concerned, in the state of the case as expressed in the bill of exceptions, he could not properly suppress the information sought.

*Exceptions sustained.*